UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS RIEDER,
     Plaintiff,

v.                         Case No.: 3:26cv3321/TKW/ZCB

UNITED STATES ARMY, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's "Emergency Motion for Temporary Restraining Order" (Doc. 3), which Defendants have opposed (Doc. 10). For the reasons below, Plaintiff's motion should be denied.

## Background

Plaintiff is a member of the U.S. Army National Guard. He claims to have a 100% service-connected disability rating from the U.S. Department of Veterans Affairs. In January of 2020, Plaintiff's medical condition resulted in a referral to the Army's Disability Evaluation System (DES). According to Plaintiff, the Army DES has not acted on the referral. Plaintiff claims that his medical condition renders him unable to perform his military duties.

1

For a lengthy period of time, Plaintiff says that he was not required to report for military duty.  That allegedly changed after a recent meeting regarding Plaintiff's status.  Following that meeting, on March 31, 2026, Plaintiff was ordered to report for military drill beginning on April 10, 2026.

On April 1, 2026, Plaintiff filed a complaint in this Court.  (Doc. 1). In the complaint, Plaintiff seeks mandamus and injunctive relief.  Along with the complaint, Plaintiff filed an "Emergency Motion for Temporary Restraining Order."[1]  (Doc. 3).  In the motion, Plaintiff seeks an order restraining the Army from requiring him to report for military drill on April 10, 2026.  Plaintiff requested to have the restraining order issued without notice to Defendants.  The Court rejected that request, ordered the Clerk of Court to provide the United States Attorney[2] with a copy of Plaintiff's motion, and provided Defendants with seven days to respond to the motion.  (Doc. 5).  Defendants have now filed a response in opposition.  (Doc. 10).

---

[1] Plaintiff also filed two supplements to the motion.  (Docs. 7, 9).

[2] The United States Attorney is responsible for defending the Government in "all civil actions, suits or proceedings in which the United States is concerned[.]"  28 U.S.C. § 547(2).

## Discussion

To receive a temporary restraining order, a plaintiff must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the restraining order is not granted; (3) the threatened injury to the movant outweighs any injury the proposed restraining order might cause the opposing party; and (4) the restraining order would not disserve the public interest. *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). A temporary restraining order is "an extraordinary and drastic remedy" that should be granted only if the plaintiff has "clearly established" each of the four requirements. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). The "failure to meet even one" of the four requirements justifies denial of the requested relief. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016).

Here, Plaintiff has failed to clearly show a substantial likelihood of success on the merits for the reasons argued by Defendants in their response. (Doc. 10 at 6-10). Additionally, the Court struggles to see how requiring Plaintiff to report for military drill will cause him an irreparable injury. If Plaintiff is medically unable to perform the duties

required of him at the upcoming military drill (as he claims), then that will be apparent to his superiors, and he will not be able to participate in the activities. Put another way, Plaintiff has failed to clearly show that something irreparable will happen if he reports for drill and is unable to do what is asked of him because of his medical condition.[3] To the extent Plaintiff claims that being required to travel to his drill location constitutes irreparable harm, Plaintiff has failed to clearly show why that is true. Finally, the Court is concerned that granting a restraining order here would disserve the public interest. Plaintiff has failed to clearly show that the public interest would not be disserved by having a judge (on an emergency basis and with limited briefing) restrain military officials from ordering a member of the military to report for duty.

## Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's "Emergency Motion for Temporary Restraining Order"

---

[3] The Court does not believe that the possibility that Plaintiff may face disciplinary proceedings if he were unable to perform at drill would constitute an immediate and irreparable harm. If Plaintiff is unable to perform and disciplinary proceedings are commenced because of that, then Plaintiff will have an opportunity to contest those disciplinary proceedings. Thus, any injury would not be immediate and irreparable.

(Doc. 3) be **DENIED.**

2.  The case be returned to the undersigned for further proceedings on Plaintiff's complaint (Doc. 1).

At Pensacola, Florida, this 9th day of April 2026.

s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

5